Johnny ROGERS, Appellant,

v.

UNITED STATES of America, Appellee.

Henry WALDON, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 17220, 17221.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 25, 1963.

Decided March 14, 1963.

Mr. Norman B. Frost, Washington, D. C. (appointed by this court) for appellant in No. 17220.

Mr. John C. Poole, Washington, D. C., (appointed by this court) for appellant in No. 17221.

Mr. Tim Murphy, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before FAHY, DANAHER and BURGER, Circuit Judges.

PER CURIAM.

■■ These appeals, consolidated in this court, followed convictions under an indictment joining the two appellants on charges of robbery and assault with intent to commit robbery, as defined by 22 D.C.Code §§ 2901 and 501.[1] Counsel appointed by this court have ably presented their contentions for reversal. In the case of Waldon the principal contention is that statements made after his arrest and before preliminary hearing were erroneously received in evidence.[2] In the case of Rogers the principal ground advanced for reversal is also the admission in evidence of statements of the accused, said to be the fruit of an arrest without warrant or probable cause. We are satisfied, however, that the arrest was authorized, so that this objection to the evidence cannot be sustained. As to Waldon's objection it was not made below; and the circumstances of neither case call upon us to exercise our discretionary authority to resort to Fed.R. Crim.P. 52(b).

Affirmed.

---

1. The sentences of two to seven years imprisonment on each of the two counts are concurrent as to Waldon who was found guilty of both charges. Rogers, who was found guilty only of robbery, was also sentenced for a period of imprisonment of two to seven years.

2. It is also contended that the evidence was insufficient to support the verdict but we are satisfied a question for the jury arose from the evidence.